# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| KATRINA JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:05 CV 321 |
| ) | |
| CHOICEPOINT SERVICES, INC. and ) | |
| REVCO DISCOUNT DRUG CENTERS, ) | |
| INC., D/B/A CVS, ) | |
| ) | |
| Defendants. ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(1), it is hereby ordered that:

Plaintiff Katrina Joiner ("Joiner"), Defendant ChoicePoint Services Inc. ("ChoicePoint") and Defendant Revco Discount Drug Centers, Inc. ("CVS") by their respective attorneys of record, hereby stipulate as follows:

1. The purpose of this Agreed Protective Order is to protect against the unnecessary disclosure of confidential and/or proprietary information. Materials and information protected by this Order include personnel documents, non-publicly available documents or information relating to the conduct of Defendants' business of a sensitive, confidential, or proprietary nature, including trade secrets, operational details, financial information, information relating to Defendants' business strategies, information concerning Defendants' present or former employees, and information about Defendants' policies, practices, or procedures. All such documents and information protected by this Order will hereafter be referred to as "Confidential Materials."

2. The parties may stamp such documents as "CONFIDENTIAL."

3. As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Materials, and the restrictions contained herein regarding disclosure of Confidential Materials shall also apply with equal force to any excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to then Confidential Materials or information contained therein.

4. During the pendency of this litigation, Confidential Materials shall be retained solely in the custody of the parties' attorneys and shall not be placed in the possession of, or disclosed to, any other person, except as set forth in paragraph 6 below, as otherwise agreed upon by the parties, or upon leave of Court. Confidential Materials contain sensitive information and shall be utilized only for the purpose of this litigation. Any person shown Confidential Material must be told of its confidential nature and must agree to keep it confidential.

5. Upon completion of this litigation (including exhaustion of appeals), and upon request of the producing party, all Confidential Materials, and all copies thereof, shall be returned to the producing party or opposing counsel shall certify in writing that all such materials have been destroyed or placed in secure storage.

6. As exceptions to the general prohibition on disclosure of Confidential Materials, Confidential Materials may be used by:

    a. The Court, Court personnel, and, if applicable, the jury;

    b. The parties, their attorneys, and clerks, paralegals, secretaries and other support staff in the employ of such attorneys but only for the purpose of prosecuting or defending this case;

      c.      Witnesses or potential witnesses may review their own records;

      d.      Witnesses or potential witnesses may review Confidential Materials which they prepared or which were distributed to them in the normal course of Defendants' business;

      e.      Confidential Materials may be used in all pretrial discovery proceedings, such as depositions, and nothing herein shall be construed to prohibit or limit the parties' attorneys from introducing or marking Confidential Materials at any deposition, and may be filed in Court, such as in support of or in opposition to summary judgment, without having to be placed under seal;

      f.      Confidential Materials may be reviewed by an expert witness or consultant expressly employed or retained by counsel or a party to this litigation to whom it is necessary to disclose Confidential information for the purpose of prosecuting or defending this litigation so long as he or she reviews, dates, and signs a copy of each page of this agreement; and

      g.      Confidential Materials may be used in all other pretrial proceedings, at trial and on appeal of this case.

All persons, except Court personnel, including jurors, who are given access to Confidential Materials, must execute a copy of the attached Agreement concerning Confidential Materials.

7.      Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his/her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his/her client.

8.      Any person or entity to whom Confidential Materials are disclosed in accordance with this Protective Order may use that Confidential Material solely in connection with the prosecution or defense of this litigation, and shall not disclose such Confidential Materials to any other person or entity (except as permitted above) or use such information for any other purpose in violation of the terms of this Protective Order.

9. The Plaintiff or anyone acting on her behalf may not voluntarily disclose any Confidential Materials to any state or federal law enforcement or regulatory agency, or any employee agent thereof, except as otherwise commanded by law or provided in this Order and may do so only after providing reasonable notice the attorneys for the party who produced the Confidential Materials so that it may act upon or object to such disclosure.

10. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

11. This Order does not constitute a determination that any document or information is subject to discovery or a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

12. Nothing shall prevent disclosure beyond the terms of this Order if both parties consent to such disclosure, or if the Court, after notice to all parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Materials beyond the terms of this Order, that party shall provide the other party with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Materials, then a party may petition the Court for a determination of these issues.

13. The Court retains final authority to determine what are or are not "Confidential Materials" and to remove the "Confidential" designation from any document governed by this Order as necessary to protect the public interest.

14. If any party desires to file under seal material that has been produced subject to this Stipulated Protective Order, it shall be the responsibility of that party to file the appropriate motion, as set forth in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

IT IS SO ORDERED.

Signed: April 25, 2006

Lacy H. Thornburg
United States District Judge

AGREED TO BY:

s/Glen Shults
Glen Shults
Attorney for Plaintiff Katrina Joiner


/s Pamela Q. Devata
Pamela Q. Devata
Attorney for Defendant ChoicePoint Services Inc.


/s Fred W. Suggs
Fred W. Suggs, Jr.
Attorney for Defendant Revco Discount Drug Centers, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | | |
|---|---|---|
| **KATRINA JOINER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | Civil Action No. 1:05-CV-321 |
| | ) | |
| **CHOICEPOINT SERVICES, INC. and** | ) | |
| **REVCO DISCOUNT DRUG CENTERS,** | ) | |
| **INC., D/B/A CVS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## EXHIBIT A

### AGREEMENT CONCERNING CONFIDENTIALITY MATERIALS

I have been designated by \_\_\_\_\_[PARTY NAME]\_\_\_\_\_ as a person who may have access to Confidential Materials as that term is defined in the Agreed Protective Order entered in the above-entitled case.

Having read the Agreed Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all Confidential Materials as defined therein. I agree not to copy or disclose to any nonqualified person or entity any Confidential Materials that has been disclosed to me.

If I violate any terms of the Agreed Protective Order with respect to the treatment of Confidential Materials, I agree to submit myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcement of the terms of the Agreed Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 2006.

_____
Name

_____
Address

_____
Employer

_____
Job Title