IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV321

| | |
|---|---|
| KATRINA JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHOICEPOINT SERVICES, INC., ) | |
| and REVCO DISCOUNT DRUG ) | |
| CENTERS, INC., d/b/a CVS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion to compel Defendant Revco Discount Drug Centers, Inc. (Revco) to respond to her discovery requests. Revco has responded and opposes the motion.

The Local Rules of this Court require that "[a]ny motion[] other than for dismissal, summary judgment or default judgment should show that counsel have met and attempted in good faith to resolve areas of disagreement[.]" **Local Rules of Civil Procedure, Western District of North Carolina, Rule 7.1(A).** For the second time in less than a week, this Court finds itself reviewing a motion filed by Attorney Glen Shults which

does not contain such a certification. While Mr. Shults claims he sent a "meet and confer" letter to opposing counsel, there is no certification that such a meeting occurred. Lest there be any confusion, the undersigned does not find that sending a threatening letter to opposing counsel satisfies the "meet and confer" requirement or constitutes a "good faith" effort to resolve a discovery dispute.[1]

Moreover, a review of the motion tends to show that Plaintiff's counsel is being unduly contentious and may be seeking discovery of matters which would not be relevant in this litigation. Counsel is cautioned to carefully abide by the Local Rules, Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to compel is hereby **DENIED**.

---

[1]In Mr. Shults' letter, he writes that he is sending "this meet-and-confer letter because . . . [he] would like to resolve this dispute without having to file a motion to compel." **Exhibit E, attached to Motion.** He closes the letter by proclaiming that "your manipulation of the discovery process is patently improper. *Let me be clear that Plaintiff will not tolerate such abuse of the discovery process from opposing counsel.*" ***Id.* (emphasis added).** While such posturing may serve to appease a client, it does nothing to productively further the discovery process.

Signed: June 27, 2006

Lacy H. Thornburg
United States District Judge