IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| KATRINA JOINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:05-CV-321 |
| | ) | |
| CHOICEPOINT SERVICES, INC. and | ) | |
| REVCO DISCOUNT DRUG CENTERS, | ) | |
| INC., D/B/A CVS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
REVCO DISCOUNT DRUG CENTERS, INC.'S EMERGENCY
MOTION TO QUASH OR MODIFY AND MOTION FOR A PROTECTIVE ORDER**

Defendant Revco Discount Drug Centers, Inc., d/b/a CVS ("CVS" or "Defendant") files this Memorandum in Support of its Emergency Motion to Quash or Modify and Motion for Protective Order ("Motion"):[1]

**I.    INTRODUCTION**

This Motion requests that the Court quash subpoenas served by Plaintiff Katrina Joiner on CVS employees who are nonparties to this action. The subpoenas seek documents within the possession, custody, and control of CVS. By requesting these documents from a nonparty, Joiner seeks to circumvent the discovery process in this lawsuit, in essence demanding production of documents from a nonparty knowing well that CVS has opposed and will oppose production of these documents because (1) the subpoenas *duces tecum* do not comply with the procedural safeguards of Federal Rule of Civil Procedure 34; and (2) the employees subpoenaed

---

[1] On September. 1, 2006, counsel for CVS conferred via telephone with counsel for Plaintiff regarding this Motion. The parties were unable to reach an agreement as to the subpoenas in question.

are not the custodians of the records which Plaintiff requests. CVS requests that this Court quash the subpoenas *duces tecum* and grant a Protective Order mandating that the documents requested by Plaintiff not be produced for the reasons set forth herein.

## II.     PROCEDURAL BACKGROUND

On October 27, 2005, Katrina Joiner ("Joiner" or "Plaintiff") filed the instant action against CVS and ChoicePoint Services, Inc. ("ChoicePoint"), alleging that CVS (1) defamed her by reporting the reason for her termination to ChoicePoint for inclusion in its consumer report about Plaintiff; and (2) engaged in unfair or deceptive trade practices in reporting the reason for Plaintiff's termination. On January 24, 2006, Plaintiff filed an Amended Complaint in which she refined her defamation claim as one for "Libel and/or Slander" against CVS and added claims against CVS for (1) tortious interference with prospective economic advantage and (2) blacklisting. On February 2, 2003, CVS timely filed its Answer to Plaintiff's Amended Complaint. The parties are currently engaged in discovery.

CVS Corp. is a Woonsocket, Rhode Island-based corporation which operates its CVS/pharmacy brand stores in states across the nation. Plaintiff Joiner was formerly employed with CVS as a clerk in a CVS/pharmacy store in Asheville, North Carolina. In October 2004, CVS terminated its employment relationship with Joiner after she admitted leaving the store with a prescription for which she did not pay. In accordance with company policy, CVS reported this information to ChoicePoint, a consumer reporting agency.

On or about August 28, 2006, Plaintiff served the subpoenas *duces tecum* at issue on CVS employees Mark Robbins, James Dale, Jan K. Patton, Cassandra Cope, Anthony Randolph, Jeannene Allen, and Dave W. Hurley. (True and correct copies of the subpoenas received by CVS are attached hereto as Exhibits A through G respectively). These subpoenas seek

production of certain categories of documents varying by employee. Many of these categories of documents are substantially identical to the categories of documents which were the subject of Plaintiff's Motion to Compel which was denied by the Court on procedural grounds, and of Plaintiff's First Set of Document Requests to CVS. Rather than re-file her motion to compel or serve amended Rule 34 document requests, Plaintiff has sought to obtain these CVS documents through deposition subpoenas *duces tecum* of CVS employees. Certain of these categories of documents could contain attorney-client privileged and/or work-product protected documents. Any such privilege or protection belongs to CVS alone, and cannot be waived by a subpoena commanding these employees to produce those documents.

Counsel for CVS communicated with Plaintiff's counsel regarding the propriety of the subpoenas *duces tecum* on numerous occasions, with the parties' last conference regarding the subpoenas taking place on September 1, 2006. Because the parties were unable to resolve the dispute, CVS now files its Emergency Motion to Quash or Modify and Motion for a Protective Order.

### III. ARGUMENT AND CITATION OF AUTHORITIES

#### 1. This Motion Should Be Considered On An Emergency Basis Because Of The Short Time-Frame For Production of the Documents By The CVS Employees

CVS respectfully requests that the Court consider this Motion on an expedited basis because the subpoenas at issue require the CVS employees to produce documents beginning on September 6, 2006, at 10:00 a.m. The CVS employees subject to Plaintiff's subpoenas *duces tecum* do not have possession, custody and control of the CVS documents Joiner seeks to compel as part of their regular job duties. If the Court does not rule on this Motion prior to the dates for production set forth in the subpoenas, the CVS employees will either be unable to comply with the subpoenas *duces tecum*, or CVS will be forced to tender to its employees business and

3

personnel records to which they would not otherwise have access and which are only properly discoverable through a Rule 34 request for production of documents or a document request pursuant to Rule 30(b)(6). Production of these documents prior to the Court's ruling on this Motion will substantially prejudice CVS, and warrants the Court considering the Motion on an emergency basis.

2. **Standard In Moving To Quash A Subpoena**

Rule 45 of the Federal Rules of Civil Procedure imposes a duty upon a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena," and "the court on behalf of which the subpoena was served shall enforce this duty…" FED. R. CIV. P. 45(c). Furthermore, Rule 45 directs that courts, "shall quash or modify [a] subpoena if it… (iii) requires disclosure of privileged or other protected matter…, or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A).

3. **Plaintiff Cannot Circumvent The Discovery Process In This Case By Obtaining CVS' Documents From a Nonparty**

Without question, by the categories of documents Joiner requests in her subpoenas *duces tecum* to the CVS employees, Joiner seeks to discover documents with are the property of CVS. Joiner has served CVS with discovery requests in this case seeking many of the same documents, to which CVS either has produced documents or served proper objections. Certain of these objections resulted in Joiner filing her Motion to Compel, which was denied by this Court. Rather than re-filing another motion to compel or serving amended document requests, by the subpoenas *duces tecum*, Joiner is attempting to avoid the requirements of Rule 34 and this Court's June 27, 2006, Order denying Plaintiff's Motion to Compel.

Joiner cannot avoid CVS' objections to the production of certain documents (or the Court's Order) in this lawsuit by going through the back-door and subpoenaing CVS employees to produce the records. Such discovery from a party should be conducted by means of a Rule 34 request for production, not a Rule 45 subpoena. See Hasbro Inc. v. Serafino, 169 F.R.D. 99 (D. Mass. 1996); Alper v. United States, 190 F.R.D. 281, 283 (D.Mass. 2000); see also 7 Moore's Fed. Practice § 34.02[5][e] ("Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party as distinct from a non-party, is governed by Rule 34, not Rule 45."). Documents that are not discoverable from a party cannot be obtained through a nonparty. Duracell, Inc. v. SW Consultants, Inc., 126 F.R.D. 576 (N.D. Ga. 1989). Because the documents are in reality CVS' documents and do not belong to the employees, it is proper for CVS to seek protection and to quash the subpoenas. See Wright and Miller, Federal Practice and Procedure § 2459; Minn. School Boards Ass'n Insur. Trust v. Employers Insur. Co. of Wassau, 183 F.R.D. 627 (N.D. Ill. 1999); see also Walton v. Taylor, 1998 U.S. Dist. LEXIS 10157, *4 (E.D.N.C. 1998) ("In most cases, the Rule 34 mechanism [rather than Rule 45] should be used."). Accordingly, as set forth above, CVS is entitled to have the subpoenas *duces tecum* quashed and a protective order should be entered protecting the CVS employees from any requirement to produce the documents belonging to CVS.

In communications with Plaintiff's counsel, Plaintiff placed her reliance upon Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562 (W.D.N.C. 2002), for the proposition that her subpoenas to the CVS employees were a proper means of discovery of documents belonging to CVS. Such reliance is misplaced. In Kitchens, the court was presented with two questions

5

regarding a subpoena *duces tecum* which had been served <u>after</u> the discovery deadline: "(1) whether a subpoena duces tecum may properly be filed and served on a party opponent under the terms of Rule 45; and (2) whether a Rule 45 subpoena constitutes 'discovery,' such that it is untimely if filed and served following the close of the discovery period." <u>Id</u>. at 563. While <u>Kitchens</u> answered both issues in the affirmative, here, Plaintiff has not served the subpoenas on "a party opponent," but rather has served them on employees of a party opponent.

Plaintiff's counsel argued during the parties' conferral conferences that service upon the CVS employees was proper under <u>Kitchens</u> because they were "managing agents" of CVS. While service of a subpoena or other document addressed to CVS might be proper on a "managing agent," the subpoenas in this case were addressed to the individual employees.[2] In <u>Kitchens</u>, the individual subject to the subpoena, Donald Strickland, was both named as an individual defendant to the lawsuit and was the President of another defendant, Mid-Atlantic Title Services, Inc. ("Mid-Atlantic"). The Strickland subpoena was addressed to him in his individual capacity rather than being addressed to Mid-Atlantic and served upon Strickland. Joiner apparently concedes that the CVS employees subpoenaed are not managing agents because she chose not to simply notice their deposition. <u>See</u> <u>United States v. Afram Lines (USA), Ltd.</u>, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). In this case, a subpoena *duces tecum* to an individual employee is an improper means for Plaintiff to discover documents from CVS.

4. **Plaintiff Cannot Circumvent The Discovery Process In This Case By Depriving CVS Of The Rule 34 Procedural Safeguards**

Were Joiner to desire documents from CVS, she could have done so through a Rule 30(b)(6) deposition notice and accompanying request for production complying with the Rule 34

---

[2] For purposes of this Motion, CVS does not concede that Robbins, Dale, Patton, Cope, Randolph, Allen or Hurley are managing agents of CVS.

procedural safeguards.  Perhaps realizing this, Plaintiff has served CVS with such a subpoena (not at issue in this Motion), though in doing so, Joiner again circumvented the protections of Rule 34 by failing to provide the required thirty (30) day notice.

Even in finding that subpoenas *duces tecum* could be served upon party opponents, the Kitchens court held that "[a]llowing a party to use Rule 45 to circumvent the requirements of a court-mandated discovery deadline" is contrary to the intent of the Federal Rules.  Kitchens, 210 F.R. D. at 566-67.  "[I]t is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45.  Id. at 567 (citing McLean v. Prudential S.S. Co., 36 F.R.D. 421, 425 (E.D. Va. 1965)).  Here, Plaintiff has circumvented the procedural safeguards to which CVS is entitled under Rule 34.  To the extent that Plaintiff's service on the CVS employees even constitutes service of a subpoena on CVS, CVS is entitled to thirty (30) days to respond and produce the requested documents.

A more factually analogous case than Kitchens is Contardo v. Merrill Lynch, Pierce, Fenner & Smith, 119 F.R.D. 622 (D. Mass. 1988).  In Contardo, the plaintiff served a deposition subpoena *duces tecum* upon an employee of Merrill Lynch in which plaintiff sought to command the deponent to "produce at her deposition documents which are clearly within the custody, control and possession of the defendant and only within [the employee's] custody, control and possession because she is an employee of the defendant."  Id. at 623.  In Contardo, the plaintiff failed to provide the deponent the thirty (30) days required by Rule 34, leading the court to deny plaintiff's motion to compel and hold that "a party cannot secure documents from an opposing party by serving a deposition subpoena *duces tecum* on an employee of the opposing party commanding production of the party's documents at the deposition unless the provisions of Rule 34, F.R. Civ. P., are followed."  Id. at 624.  This is precisely what Joiner has attempted here.

7

Joiner served all of the subpoenas at issue on or after August 28, 2006.  Discovery in this matter is scheduled to close on September 15, 2006.  At most, under the subpoenas Joiner served, CVS would have eighteen (18) days to produce the requested documents.  Such a result would indeed be unpalatable as a circumvention of Rule 34 and the discovery deadline established in this Court's Pretrial Order and Case Management Plan.  In fact, Joiner has allowed CVS less than eighteen (18) days, as the first subpoena *duces tecum* (Mark Robbins) calls for production to take place at 10:00 a.m. on September 6, 2006.  To allow Joiner to serve subpoenas duces tecum such as these would allow any party to ignore the requirements of Rule 34 and simply subpoena any employee of a defendant corporation to produce any and all documents sought within the final fourteen days of discovery.  The drafters of the Federal Rules could not have intended such an outcome.  See, e.g., Drexel Heritage Furnishing, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 258 (M.D.N.C. 2001) ("courts have long viewed the discovery rules as an integrated mechanism to be read in pari materia").  This Court should not allow such a result.

**5.  Defendant Reserves Its Objections Previously Made In Its Answers to Plaintiff's First Set of Document Requests**

Should this Court allow the subpoenas *duces tecum* at issue, CVS requests that, to the extent that the subpoenas seek documents previously requested from CVS and within the possession, custody and control of CVS, the Court incorporate the objections CVS previously raised to Joiner's document requests. (A true and correct copy of CVS' Answers and Objections to Plaintiff's First Set of Document Requests is attached as Exhibit H).  Specifically, CVS objected to Requests for Productions Nos. 3, 5, 6, 7, 8, 11, 13, 14, 15, 16, and 17, which encompass documents subject to the subpoenas *duces tecum*.

## IV. CONCLUSION

Because Joiner is attempting to circumvent the discovery process, the subpoena should be quashed, a protective order entered, and the CVS employees should not be required to produce documents belonging to CVS. To the extent the requested documents are discoverable, they should only be secured directly from CVS and not from its employees who do not maintain the requested documents as part of their job duties.

Respectfully submitted this 6th day of September, 2006.

s/Peter B. Murphy
H. Bernard Tisdale III
North Carolina Bar No. 23980
Fred W. Suggs, Jr. (admitted *pro hac vice*)
South Carolina Bar No. 5423
Peter B. Murphy (admitted *pro hac vice*)
Georgia Bar No. 531032

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile: (864) 235-4754
E-mail: Peter.Murphy@odnss.com

### Certificate of Service

I certify that on the above date a copy of the foregoing was served on each party or counsel of record by ECF or mail in the manner prescribed by the applicable Rules of Civil Procedure.

s/Peter B. Murphy
Peter B. Murphy