# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

# ASHEVILLE DIVISION

| | |
|---|---|
| KATRINA JOINER, <br><br> Plaintiff, <br><br> vs. <br><br> CHOICEPOINT SERVICES, INC., and REVCO DISCOUNT DRUG CENTERS, INC., D/B/A/ CVS, <br><br> Defendants. | ) Civil Action No. 1:05cv321 <br> ) <br> ) <br> ) <br> ) PLAINTIFF KATRINA JOINER'S <br> ) NOTICE OF DEPOSITION OF <br> ) MARK ROBBINS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) (Rules 30 and 45, Fed. R. Civ. Pro.) |

TO DEFENDANTS AND DEFENDANTS' COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Katrina Joiner will take the deposition of Mark Robbins, whose address is known to Defendant Revco Discount Drug Centers, Inc.'s counsel, commencing at 10:00 A.M. on September 6, 2006 at the Law Offices of Glen C. Shults, 14 South Pack Square, Suite 360, Asheville, North Carolina 28801 (Telephone: 828/251-9676).

The deposition will be taken before a notary public authorized by law to administer oaths, and a stenographic record of the deposition will be made. The deposition will be conducted in accordance with Rule 30, Fed. R. Civ. Pro., and will be used for all purposes allowed by law. The deponent is directed to produce the records identified in the attached subpoena duces tecum.

Dated: August __, 2006

                LAW OFFICES OF GLEN C. SHULTS

                By: _____
                         GLEN C. SHULTS

                Attorney for Plaintiff
                KATRINA JOINER

                14 South Pack Square, Suite 360
                P.O. Box 1384
                Asheville, North Carolina 28802-1384
                Telephone: (828) 251-9676
                Facsimile: (828) 251-0648
                E-Mail: shultslaw@bellsouth.net
                North Carolina State Bar No. 25641

## CERTIFICATE OF SERVICE

This is to certify that on August 28, 2006, I served upon Defendants in the above-referenced case the foregoing Plaintiff Katrina Joiner's Notice of Deposition to Mark Robbins and Subpoena Duces Tecum by depositing true and correct copies of the same in the United States Mail, postage prepaid, addressed to the following:

Fred W. Suggs, Jr., Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
300 North Main Street
P.O. Box 2757
Greenville, SC 29602
(Counsel for Defendant Revco)

Pamela Q. Devata, Esq.
Seyfarth Shaw, LLP
131 S. Dearborn Street
Suite 2400
Chicago, IL 60603
(Counsel for Defendant ChoicePoint)

This 28 day of August 2006.

_____
GLEN C. SHULTS

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

WESTERN                             DISTRICT OF        NORTH CAROLINA

Katrina Joiner                                  **SUBPOENA IN A CIVIL CASE**

v.

ChoicePoint Services, Inc., et al

Case Number: 1:05cv321

TO: Mark Robbins
CVS
15 Haywood Street
Asheville, NC 28801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| The Van Winkle Law Firm<br>11 North Market Street<br>Asheville, North Carolina 28801 | September 6, 2006-10:00AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attachment.

| PLACE | DATE AND TIME |
| --- | --- |
| Same as above. | September 6, 2006-10:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Glen C. Shults, Attorney for Plaintiff | 8/21/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Glen C. Shults, Attorney
P.O. Box 1384
Asheville, NC 28802-1384          Telephone: (828) 251-9676

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# SUBPOENA DUCES TECUM
# ATTACHMENT A

1. All documents from the personnel file and other employment documents (including but not limited to documents relating to employment applications, educational background, prior work history, performance evaluations, compensation, work requirements, work schedules, dates and content of any training, disciplinary actions or other counseling, promotions, demotions, lateral transfers, suspensions, terminations, and any other employment-related documents) of Mark Robbins.

2. All documents relating to any oral, written, and/or electronic communications that you have had with any supervisors and/or managers of Defendant Revco Discount Drug Centers, Inc., d/b/a CVS, concerning Plaintiff Katrina Joiner at any time from September 1, 1997 to the present, including but not limited to oral, written, and/or electronic communications concerning Joiner's alleged theft of drugs on or about September 22, 2004, her termination, any reinvestigation of the circumstances of her termination, and/or this lawsuit.

3. All documents relating to any oral, written, and/or electronic communications that you have had with any non-supervisory employees of Defendant Revco Discount Drug Centers, Inc., d/b/a CVS, concerning Plaintiff Katrina Joiner at any time from September 1, 1997 to the present, including but not limited to oral, written, and/or electronic communications concerning Joiner's alleged theft of drugs on or about September 22, 2004, her termination, any reinvestigation of the circumstances of her termination, and/or this lawsuit.

4. All documents relating to any oral, written, and/or electronic communications that you have had with any employees of Defendant ChoicePoint Services, Inc. concerning Plaintiff Katrina Joiner at any time from September 1, 1997 to the present, including but not limited to oral, written, and/or electronic communications concerning Joiner's alleged theft of drugs on or about September 22, 2004, her termination, any reinvestigation of the circumstances of her termination, and/or this lawsuit.

5. All documents relating to any oral, written, and/or electronic communications that you have had with any third parties concerning Plaintiff Katrina Joiner at any time from September 1, 1997 to the present, including but not limited to oral, written, and/or electronic communications concerning Joiner's alleged theft of drugs on or about September 22, 2004, her termination, any reinvestigation of the circumstances of her termination, and/or this lawsuit.

6. All documents relating to your investigation of Plaintiff's alleged theft of drugs on or about September 22, 2004, any meetings with Joiner and/or Revco supervisors, managers or employees, regarding her alleged theft of drugs on or about September 22, 2004; her termination; any reinvestigation of the circumstances of Joiner's termination; any communications with any employees or representatives of Defendant ChoicePoint Services, Inc. about Joiner; and any other aspect of Joiner's employment with Defendant Revco.

7. All documents relating to Defendant Revco's policies and procedures regarding theft by employees or non-employees, the investigation of theft by employees or non-employees, and any training that you have received or provided regarding the same, at any point from January 1, 1997 to the present.

8. All documents relating to Defendant Revco's policies and procedures regarding the discipline and/or termination of employees, and any training that you have received or provided regarding the same, at any point from January 1, 1997 to the present.

9. All documents relating to Defendant Revco's policies and procedures regarding the purchase by its employees of drugs and/or merchandise by cash or credit for either themselves or their family members/relatives that were in effect at any time from January 1, 1997 to the present.

10. All documents relating to Defendant Revco's policies and procedures regarding the reporting of employee conduct to, or other communications with, Defendant ChoicePoint Services, Inc., and/or Esteem Information Service, that were in effect at any time from January 1, 1997 to the present.

11. All documents relating to any internal or external audits or examinations of Defendant Revco's utilization of the services provided to Defendant Revco by ChoicePoint Services, Inc. and/or Esteem Information Service at any time from January 1, 1997 to the present.

12. All documents relating to any oral, written, or electronic communications that you have had with Katrina Joiner at any time from September 1, 1997 to the present, including but not limited to oral, written, and/or electronic communications concerning Joiner's alleged theft of drugs on or about September 22, 2004, her termination, any reinvestigation of the circumstances of her termination, and/or this lawsuit.

**THE DEPONENT IS NOT REQUIRED TO PRODUCE ANY DOCUMENTS PREVIOUSLY PRODUCED BY REVCO DISCOUNT DRUGS CENTERS, INC., D/B/A CVS, IN DISCOVERY IN THIS CASE.**