# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

| | | |
|---|---|---|
| KATRINA JOINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:05-CV-321 |
| | ) | |
| CHOICEPOINT SERVICES, INC. and | ) | |
| REVCO DISCOUNT DRUG CENTERS, | ) | |
| INC., D/B/A CVS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT REVCO DISCOUNT DRUG CENTERS, INC.'S MEMORANDUM OPPOSING PLAINTIFF KATRINA JOINER'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER DATED JUNE 27, 2006

COMES NOW Defendant Revco Discount Drug Centers, Inc., d/b/a CVS ("CVS" or "Defendant") and hereby submits this Memorandum Opposing Plaintiff Katrina Joiner's Motion for Partial Reconsideration of the Court's Order Dated June 27, 2006 (Plaintiff's "Motion for Partial Reconsideration"). For the reasons discussed below, CVS respectfully asks the Court to deny the Motion for Partial Reconsideration.

## BACKGROUND

CVS Corp. is a Woonsocket, Rhode Island-based corporation which operates its CVS/pharmacy brand stores in states across the nation. Plaintiff Katrina Joiner ("Joiner" or "Plaintiff") was formerly employed with CVS as a shift supervisor in a CVS/pharmacy store in Asheville, North Carolina. In October 2004, CVS terminated its employment relationship with Joiner after she admitted leaving the store with a prescription for which she did not pay. In accordance with company policy, CVS reported this information to ChoicePoint, a consumer reporting agency.

On October 27, 2005, Joiner filed the instant action against CVS and ChoicePoint Services, Inc. ("ChoicePoint"), alleging that CVS (1) defamed her by reporting the reason for her termination to ChoicePoint for inclusion in its consumer report about Plaintiff; and (2) engaged in unfair or deceptive trade practices in reporting the reason for Plaintiff's termination. On January 24, 2006, three months after filing her original Complaint, Plaintiff filed an Amended Complaint in which she refined her defamation claim as one for "Libel and/or Slander" against CVS and added claims against CVS for (1) tortious interference with prospective economic advantage and (2) blacklisting. On February 2, 2003, CVS timely filed its Answer to Plaintiff's Amended Complaint. The discovery period in this action is commenced on March 21, 2006, the date upon which the parties conducted their scheduling conference pursuant to Federal Rule of Civil Procedure 26(f). The parties are currently engaged in discovery.

Joiner served her First Set of Interrogatories and First Set of Document Requests on March 21, 2006. On April 26, 2006, CVS served its Responses and Objections to Plaintiff's First Set of Interrogatories and Responses and Objections to Plaintiff's First Set of Document Requests. (See attached Exhibits A & B, respectively). In an effort to satisfy Joiner's discovery demands, on May 19, 2006, July 13, 2006, August 28, 2006, August 29, 2006, August 30, 2006, and September 7, 2006, CVS has served supplemental responses to her various discovery requests. (See attached Exhibits C through K, respectively).

2

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Plaintiff Has Failed to Allege Error Such That The Court Should Reconsider Its June 27, 2006 Order**

Joiner has styled her Motion as one for "partial reconsideration" of this Court's June 27, 2006 Order.  Joiner has not and cannot make any showing that the Court abused its discretion in denying Joiner's Motion to Compel such that it should reconsider its Order.  See Nagy v. Baltimore Life Ins. Co., 2000 U.S. App. LEXIS 12307, *13 (4th Cir. 2000) ("With regard to the discovery rulings… we assess whether the district court abused its discretion.") citing United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993); United States v. Curry, 993 F.2d 43, 45 (4th Cir. 1993); Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir. 1988).[1]  In the June 27 Order, the Court correctly held that Joiner had failed to confer with CVS regarding the substance of her Motion to Compel.  Because Joiner has not articulated any abuse of discretion, her Motion for Partial Reconsideration should be denied.

**B.    Plaintiff's Motion for Reconsideration Should Be Denied As Moot**

In addition to Joiner's failure to articulate any abuse of discretion, her Motion for Partial Reconsideration should be denied because CVS has provided the relevant discovery information and documents requested by Plaintiff.  In its continuing efforts to accommodate Plaintiff's discovery demands, on six separate occasions, CVS has served supplemental responses to Plaintiff's First Set of Interrogatories and First Set of Document Requests.  The specific discovery requests identified in Plaintiff's Motion for Partial Reconsideration are discussed individually below.

---

[1] See LEXIS case attached as Exhibit L.

1. **Interrogatory No. 2:**

Plaintiff claims that she "has so far been unable to serve Mark Robbins, Dave Hurley, Jeannene Allen, and Anthony Randolph [with subpoenas] because Revco has refused to provide their home or work addresses and telephone numbers, or locations where they can be served." (<u>See</u> Motion for Reconsideration at ¶ 3). Plaintiff has already taken the deposition of Mark Robbins (September 6, 2006), and has served subpoenas on CVS employees Dave Hurley, Jeannene Allen, and Anthony Randolph, despite CVS's and the employees' agreement for defense counsel to accept service on their behalf.

In addition, Joiner claims that she seeks contact information for Jan K. Patton (whom Plaintiff deposed on September 8, 2006); James Dale (whom Joiner, in her Motion for Reconsideration, concedes was served, and who was deposed on September 8, 2006); James C. Lynch (whose personnel file containing the requested information was produced on August 30, 2006); and Anthony Randolph (whose personnel file containing the requested information was produced on August 29, 2006). <u>See</u> <u>Id</u>.; <u>see</u> <u>also</u> Ex. I & J. In support of her Motion for Partial Reconsideration on this interrogatory, Joiner relies on an affidavit signed by Plaintiff's counsel Glen C. Shults on June 8, 2006, nearly three months before Plaintiff filed her Motion for Partial Reconsideration. CVS has now provided the requested information and/or produced the requested witnesses for deposition, making Plaintiff's Motion for Reconsideration on this interrogatory moot.

2. **Interrogatory No. 7:**

In her Motion for Partial Reconsideration, Plaintiff claims that CVS has failed to provide contact information for all "current and former employees" who worked at the same

4

CVS/pharmacy store as Plaintiff. This interrogatory is overbroad and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks the names and contact information of employees who may not have even worked with Joiner, either because they were employed before Joiner, or began working at the Asheville CVS/pharmacy store after Joiner's employment was terminated. Notwithstanding CVS's objections as to the scope of Joiner's Interrogatory No. 7, CVS has provided a list of all non-supervisory CVS employees (including contact information) who worked at the same store as Joiner during the last two years of her employment with CVS.[2] (See Ex. G). This list consists of forty (40) current and former CVS employees of CVS. As propounded, Plaintiff's Interrogatory No. 7 is both overbroad and harassing. The two-year scope of CVS's response is appropriate given the facts of this case, and Joiner's Motion for Partial Reconsideration as to this interrogatory should be denied.

**3.     Document Production Request Nos. 3 and 11:**

With Document Production Requests Nos. 3 and 11, Joiner sought the personnel files of all CVS employees whom CVS identified in its Rule 26 Initial Disclosures. With the exception of Jan Patton, CVS has provided the requested personnel files. (See Ex. I, J, & K). CVS continues to search for Ms. Patton's personnel file, but to-date has been unable to locate it. CVS did provide Joiner with "PeopleSoft printouts" on Ms. Patton from its electronic employee database. (See Ex. K). Because CVS has produced all responsive documents it has been able to locate, Plaintiff's Motion for Partial Reconsideration should be denied as to these document requests.

---

[2] Not included on this list were Cassandra Cope and Jan Patton, whom Joiner has served with deposition subpoenas *duces tecum* at the CVS/pharmacy store in Asheville.

**4. Document Production Request No. 9:**

With Document Production Request No. 9, Joiner seeks documents evidencing purchases she made from CVS/pharmacy stores during the course of her employment. As Joiner indicates in her Motion for Partial Reconsideration, CVS originally provided this information for September-October 2004. (See Ex. B). CVS later supplemented this response to provide any information it possessed dating back to 2003. (See Ex. H). This supplemented information was kept in an electronic database. CVS continues to search for documents evidencing Joiner's purchases before this date (for which no electronic records are maintained), but has been unable to locate any responsive documents. Should CVS locate the requested documents, to the extent that any exist, CVS's counsel told Plaintiff's counsel that it will produce the documents. Because CVS has produced all responsive documents it has been able to locate, Plaintiff's Motion for Partial Reconsideration should be denied as to this document request.

**5. Document Production Request No. 10:**

With Document Production Request No. 10, Joiner seeks documents evidencing purchases her parents made from CVS/pharmacy stores during the course of her employment. As Joiner indicates in her Motion for Reconsideration, CVS originally provided no information for purchases made by Plaintiff's parents. (See Ex. B & D). On August 28, 2006, CVS supplemented this response to provide information for 2003 through the date Joiner's employment with CVS was terminated. (See Ex. H). This supplemented information was kept in an electronic database. CVS continues to search for documents evidencing Joiner's parents' purchases before this date (for which no electronic records are maintained), but has been unable to locate any responsive documents. Should CVS locate the requested documents, to the extent that any exist, CVS's counsel has told Plaintiff's counsel that it will produce such documents.

6

Because CVS has produced all responsive documents it has been able to locate, Plaintiff's Motion for Partial Reconsideration should be denied as to this document request.

6. **Document Production Request No. 21:**

With Document Production Request No. 21, Joiner seeks "documents relating to labor costs and Revco's policies and procedures relating to controlling labor costs at the CVS stores at which Joiner worked." Notwithstanding CVS' objections to this request as being vague and ambiguous as written, not relevant to the subject matter of this litigation, nor likely to lead to the discovery of admissible evidence, CVS has searched for the requested documents and informed Joiner's counsel that no such documents exist. While Plaintiff's counsel clings to the unsupported belief that there are documents responsive to this request, Plaintiff cannot compel the production of documents that do not exist.

## CONCLUSION

For the foregoing reasons, Defendant CVS Corp. respectfully requests that the Court deny the Motion for Partial Reconsideration

Respectfully submitted this 11th day of September, 2006.

> s/Peter B. Murphy
> H. Bernard Tisdale III
> North Carolina Bar No. 23980
> Fred W. Suggs, Jr. (admitted *pro hac vice*)
> South Carolina Bar No. 5423
> Peter B. Murphy (admitted *pro hac vice*)
> Georgia Bar No. 531032

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina  29602
Telephone:     (864) 271-1300
Facsimile:     (864) 235-4754
E-mail:  Peter.Murphy@odnss.com

## Certificate of Service

I certify that on the above date a copy of the foregoing was served on each party or counsel of record by ECF or mail in the manner prescribed by the applicable Rules of Civil Procedure.


<u>s/Peter B. Murphy</u>
Peter B. Murphy