IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

|  |  |
|---|---|
| KATRINA JOINER, | ) Civil Action No. 1:05cv321 |
| Plaintiff, | ) PLAINTIFF KATRINA JOINER'S ) MEMORANDUM OPPOSING |
| vs. | ) REVCO'S EMERGENCY MOTION ) TO QUASH OR MODIFY AND |
| CHOICEPOINT SERVICES, INC. and REVCO DISCOUNT DRUG CENTERS, INC., D/B/A CVS, | ) MOTION FOR A PROTECTIVE ) ORDER |
| Defendants. | ) |

In its emergency motion to quash subpoenas dues tecum served upon various management employees, Revco advances legal arguments and case law that have plainly been rejected by precedent from the Western District of North Carolina. Revco's motion should be denied. As a result of its motion, Revco has failed to provide documents identified in the subpoenas, and further obstructed and delayed discovery in this case.

I. **PRELIMINARY STATEMENT**

Plaintiff Katrina Joiner worked for several years in CVS drugstores near Asheville, North Carolina. In October 2004, she was fired based upon a false allegation that she stole a medical prescription for her father, on which there was a $5.00 co-pay. In fact, a cashier named Jan Patton inadvertently failed to ring up the prescription as Joiner was purchasing several other items. At no time did Joiner admit that she engaged in theft, although she candidly admitted to the company's investigators that she had

1

inadvertently left the store without paying the $5.00.  Joiner assured her superiors that Revco would be paid the $5.00, but she was fired anyway.

Revco later reported to Defendant ChoicePoint Services, Inc., a consumer reporting agency, that Plaintiff had engaged in theft of drugs, a patently false accusation.  ChoicePoint, in turn, entered that information on its computer database, called the "Esteem" database.  Joiner was later denied employment at Lowe's and Home Depot because of her consumer report.  Once she was advised of the theft allegation contained in her consumer report, Joiner immediately disputed the inaccuracy, and Revco requested that the allegation of theft be removed from Esteem.

Plaintiff filed suit against ChoicePoint for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and against Revco for violations of North Carolina statutory and common law.  Joiner has tentatively settled her claims against ChoicePoint, and the parties will file a stipulation of dismissal of those claims once the settlement agreement has been finalized.

## II. STATEMENT OF MATERIAL FACTS

On or about August 22, 2006, Plaintiff issued subpoenas duces tecum to Revco employees Mark Robbins, James Dale, Jan K. Patton, Cassandra Cope, Anthony Randolph, Jeannene Allen, and Dave W. Hurley.  All of the above employees, with the exception of Jan K. Patton, are managing agents of Revco.  In its initial disclosures, Revco identified these individuals as having the following positions:

1. Mark Robbins – Regional Loss Prevention Manager

2. James Dale – Supervisor[1]

---

[1] It is undisputed that James Dale was the manager of the store where Plaintiff worked at the time of her termination on October 29, 2004.

3. Dave Hurley – Regional Store Manager, Region 39

4. Jeannane K. Allen – Area 8, Human Resources Director

5. Anthony Randolph – District Manager

In addition, although Cassandra Cope's title was not identified in Revco's initial disclosures, Ms. Cope stated at her deposition on September 7th that she was employed as the lead pharmacy technician of the store where Plaintiff was employed at the time of her termination on October 29, 2004. Cope further stated that she has been the Assistant Pharmacy Manager at this store since July 2005.

The subpoenas requested the production of various documents, including but not limited to: (i) documents from employee personnel files; (ii) documentation of any communications (with supervisors, managers, or non-supervisory employees of Revco, or with employees of ChoicePoint, or with any third parties) concerning Joiner; (iii) documentation relating to the investigation of Plaintiff's alleged theft of drugs, her termination, or any reinvestigation concerning her termination; (iv) any Revco policies and procedures regarding theft; the investigation of theft by employees or non-employees, and any training received or provided regarding same; (v) any Revco policies and procedures regarding the discipline and/or termination of employees, and any training received or provided; (vi) any Revco policies and procedures regarding the purchase by its employees of drugs and/or merchandise by cash or credit for either themselves or their family members; and (vii) any Revco policies and procedures relating to the reporting of employee misconduct. Much of this documentation had been demanded months earlier in Plaintiff's document production requests propounded to the company under Rule 34, Fed. R. Civ. Pro. But as noted in Plaintiff's other discovery

motions, Revco strenuously resisted providing this discovery, although it has provided documents from employees files in the last couple of weeks.

Plaintiff deposed Mark Robbins on September 6, Cassandra Cope on September 7, and James Dale and Jan Patton on September 8, 2006. It appeared at the depositions of Cope and Patton that they did not possess any documents responsive to the subpoena duces tecum. Cope currently holds a direct-line supervisory position as an assistant pharmacy manager. Patton is a part-time hourly employee to whom Revco would presumably not allow access to any documents. Mark Robbins and James Dale are indisputably supervisors, but neither of them produced any documents responsive to the subpoenas.

Plaintiff proceeded with the depositions of these witnesses even though Revco refused to produce the documents. At the beginning of Robbins' deposition, Joiner's counsel confirmed he had not produced any responsive documents to the subpoena, and stated his intention to recall the witness in the event that documents were produced that required additional questioning. Revco's counsel did not agree to allow the recalling of the witness. Joiner's counsel has taken the same position as to the other witnesses deposed on September 6 – 8, 2006. Joiner has no reason to believe that the other management witnesses on whom subpoenas were served will produce responsive documents.

## III. LEGAL ARGUMENT

### A. Plaintiff's Subpoenas Duces Tecum Were Appropriate Under Applicable Precedent From The Western District Of

**North Carolina.**

Revco argues that Plaintiff inappropriately utilized subpoenas duces tecum to require the attendance of company managers, and the production of relevant documents, at their depositions. Revco further argues that the only appropriate procedure for obtaining these documents is a production request under Rule 34, Fed. R. Civ. Pro. These arguments are precluded by the opinion in Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562 (W.D.N.C. 2002).

In Kitchens, the plaintiff issued a subpoena duces tecum to an individual defendant, demanding the production of documents to corroborate its damages claim. The defendants challenged the subpoena, asserting that the only acceptable manner for obtaining documentary evidence from a party is through a Rule 34 production request. The District Court rejected this argument, and engaged in an extensive analysis of the manner in which a subpoena may be utilized as a discovery device under Rule 45, Fed. R. Civ. Pro.

Kitchens made the following observations about the use of subpoenas in discovery. First, the District Court noted that the language of the Rule 45 itself reveals that "there is no express limitation on the type of person who may be subject to the rule[,]" because the rule states that a subpoena may be served upon a "person." Id., at 565. Second, the District Court concluded that although Rule 34, Fed. R Civ. Pro., is limited to discovery from parties, that limitation is not intended to restrict the scope of Rule 45. Id. Finally, the District Court held that the use of subpoenas for discovery purposes is subject to any discovery deadlines in a case. Id., at 566. Summarizing its holding, the District Court said that "a Rule 45 subpoena duces tecum may properly be

served on a party, but that such service constitutes discovery which, in order to be timely, must be served prior to the discovery deadline." Id., at 563.

Defendant concedes that Plaintiff's counsel notified it of the Kitchens decision, prior to filing the instant motion. Yet, Revco claims that the decision is inapplicable because it only applies to parties, and not the company's managing agents and employees. See Memorandum Of Law In Support Of Revco's Emergency Motion To Quash Or Modify And Motion For A Protective Order (Docket No. 60) (herein "Revco's Memorandum"), at pages 5 - 6. This argument ignores the language from Kitchens expressly noting that Rule 45 allows for the service of a subpoena upon a "person," and draws no distinction between parties and persons who are not parties.

Revco further argues that even if the subpoena could be served upon the above-mentioned individuals, Joiner erred in failing to name them as managing agents, and that in any event, the company refuses to concede that they were managing agents. Revco's Memorandum, at page 6. But the federal courts have considered what constitutes a "managing agent" in other contexts. For example, in the context of Rule 30, Fed. R. Civ. Pro., the federal courts have identified a "managing agent" based upon, inter alia, whether the individual was vested with powers to exercise discretion and judgment in dealing with corporate matters, and most importantly, whether the individual can be expected to identify with the interests of the defendant corporation, rather than other parties. See, e.g., Terry v. Modern Woodmen of America, 57 F.R.D. 141, 142 – 43 (W.D. Mo. 1972) (stating the rule); Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94, 96 (S.D.N.Y. 1968) (same); Independent Productions Corp. v. Lowe's, Inc., 24 F.R.D. 19,

25 (S.D.N.Y. 1959) (same); see also, Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2103 (citing cases).

There is no question that Mark Robbins, James Dale, Dave Hurley, Jeannene Allen, and Anthony Randolph were managing agents whose interests were aligned with Revco. Mark Robbins was the individual who investigated Joiner's alleged theft of drugs. Robbins and Randolph met with Joiner about their investigation and obtained from her a written statement that was later submitted to ChoicePoint, and served as the basis for the inaccurate consumer report that resulted in the denial of employment at Lowe's and Home Depot. Dave Hurley and Jeannene Allen were higher-level managers who ordered that Joiner be terminated even though she never admitted to theft of drugs. Dale was the store manager, and Joiner's immediate supervisor. There is no question that these individuals are aligned with Revco's interests in this case, and that they have access to the documents requested in the subpoenas that have not otherwise been provided by Revco.

Defendant cites a number of cases in support of its position that were either rejected by the Kitchens opinion, or do not directly address the issue raised by this motion. For example, Revco cites two cases from the District of Massachusetts, Hasbro, Inc. v. Serafino, 168 F.R.D. 99 (D. Mass. 1996) and Alper v. United States, 190 F.R.D. 281 (D. Mass. 2000), that the Kitchens court considered, and rejected. Revco also relies upon another decision from the District of Massachusetts, Contardo v. Merrill Lynch, 119 F.R.D. 622 (D. Mass. 1988), in which the court held that discovery of documents from a party, or the employee of a party, is controlled by Rule 34, and not Rule 45. But Kitchens rejects this approach, and allows the use of subpoenas to obtain discovery and

documents from "persons," including parties, employees of parties, and persons who are not parties to a case.[2]  See also, Badman v. Stark, 139 F.R.D. 601, 603 (M.D. Pa. 1991) (holding that subpoenas may be utilized to compel the production of documents for use at a deposition, or at trial, for party or non-party witnesses)

## IV. CONCLUSION

Revco has cited no persuasive authority in support of its motion to quash the subpoenas duces tecum served in this case. The motion should be denied, and the Court should order that the subpoenas be enforced.

---

[2] The parties' dispute over the use of subpoenas under Rule 45 has also generated another dispute about subpoenas that were served upon Revco and Revco's Custodian of Documents on September 1, 2006. See Affidavit Of Glen C. Shults In Support Of Plaintiff Katrina Joiner's Memorandum Opposing Revco's Emergency Motion To Quash Or Modify And Motion For A Protective Order, filed concurrently. The subpoena to Revco's Custodian of Records is in the nature of a "records subpoena" in that it only seeks the production of documents at a designated place and time. The subpoena to Revco requests the deposition of a duly designated company representative pursuant to Rule 30(b)(6), Fed. R. Civ. Pro., and requests that the designated representative produce records at the deposition relating to Revco's dealings with ChoicePoint. Since the service of those subpoenas, Revco apparently takes the position that: (1) Plaintiff's subpoena was an impermissible method to obtain the appearance of Revco at a deposition, and the production of records by the company at that deposition; (2) that Plaintiff's subpoena was an impermissible method for obtaining Revco's Custodian of Records to produce records that Joiner has been unable to obtain through subpoenas to the company's managing agents; and (3) that any deposition of Revco, and any production of records from the Custodian of Records must take place in Rhode Island, not North Carolina. Joiner disagrees with Revco's arguments, and believes that under Kitchens, the subpoenas were entirely proper, and that these subpoenas should have been complied with in North Carolina. See, e.g., Turner v. Prudential Insurance Company of America, 119 F.R.D. 381, 383 (M.D.N.C. 1988) (citing factors warranting an order directing that a deposition be conducted in the forum of the lawsuit, rather than the forum of defendant-company's headquarters, including location of the parties' counsel, size of the defendant-corporation, likelihood of discovery disputes arising for resolution by the court, and nature of the claims in the lawsuit); Kasper v. Cooper Canada Limited, 120 F.R.D. 58 (N.D. Ill. 1988) (discussing factors in favor of ruling that deposition be conducted in forum of the lawsuit); and Armsey v. Medshares Management Services, Inc., 184 F.R.D. 569 (W.D. Va. 1998) (citing factors warranting that deposition be conducted in forum district rather than where defendant-corporation's employees were located).

8

Dated: September 13, 2006

                                              Respectfully submitted,

                                              /s/ Glen C. Shults
                                              North Carolina State Bar No. 25641
                                              Attorney for Plaintiff Katrina Joiner
                                              Law Offices of Glen C. Shults
                                              14 South Pack Square, Suite 360
                                              P.O. Box 1384
                                              Asheville, North Carolina 28802-1384
                                                    Telephone: (828) 251-9676
                                              E-Mail: shultslaw@bellsouth.net

## **CERTIFICATE OF SERVICE**

  This is to certify that on September 13, 2006, I electronically filed the foregoing Plaintiff Katrina Joiner's Memorandum Opposing Revco's Emergency Motion To Quash Or Modify And Motion For A Protective Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

  pdevata@seyfarth.com

  fred.suggs@odnss.com

  tisdalhb@odnss.com

  peter.murphy@odnss.com

  asneed@vwlawfirm.com

          /s/ Glen C. Shults