IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| KATRINA JOINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:05-CV-321 |
| | ) | |
| CHOICEPOINT SERVICES, INC. and | ) | |
| REVCO DISCOUNT DRUG CENTERS, | ) | |
| INC., D/B/A CVS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND FOR A
PROTECTIVE ORDER REGARDING 30(b)(6) DEPOSITION NOTICES,
SUBPOENAS DUCES TECUM ISSUED TO CVS
AND NOTICE OF DEPOSITION AND SUBPOENA FOR ROBERT CREED**

**I. INTRODUCTION**

Plaintiff has engaged in unnecessarily duplicative discovery which violates not only the discovery rules but also the Court's Scheduling Order. It has done so on the eve of the close of discovery. Therefore, Defendant CVS requests an Order from the Court quashing the subpoenas and providing protection against the improper deposition notices and subpoenas.

**II. DISCOVERY SOUGHT AGAINST CVS IS IMPROPER**

Plaintiff has served duplicate 30(b)(6) deposition notices on Defendant CVS along with subpoenas *duces tecum*. (See Exhibit A, Parts I & II to Affidavit in Opposition to CVS's Motion to Quash or Modify and Motion for Protective Order Regarding Subpoenas *Duces Tecum* To CVS Employees [Docket No. 68]). Presumably these subpoenas are in support of the 30(b)(6) deposition because they require attendance and compliance at the same time and place as the deposition. Plaintiff has duplicated her efforts by serving one set of notice and subpoena from

the Western District of North Carolina and one from the Middle District of North Carolina -- the entity being served, however, is the same.[1]

### A. Deposition Notice is Invalid

Plaintiff's 30(b)(6) deposition notice is invalid because it requires a corporate representative(s) to appear for deposition in Charlotte, North Carolina. As Defense counsel has explained to Plaintiff's counsel, Defendant's principal place of business is in Rhode Island and Defendant has offered to produce a corporate representative(s) in Rhode Island. Plaintiff has rejected this offer.

"The deposition of a corporation through its officers or agents normally must be taken at its principal place of business. *See* 7 Moore's Federal Practice, § 30.20[1][b] (Matthew Bender 3d ed.) (citing Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993) (ordering 30(b)(6) deposition to be taken at corporate defendant's principal place of business where plaintiff showed no compelling reason to depart from general rule); Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982) (ordering depositions of corporate agents to be held at defendant corporation's principal place of business)). The general rule is especially applicable when the corporation is the defendant. *See Payton*, 148 F.R.D. at 669 (quoting Salter v. Upjohn Co., 593, 649 (5th Cir. 1979)). Because it is the plaintiff who brings the lawsuit and who exercises first choice as to the forum, "courts have held that plaintiffs cannot normally complain if they must take discovery at great distances from the forum." Id. Importantly, Plaintiff's counsel has declared his intent to take the depositions of CVS employees Dave Hurley, James Lynch and Angela Adam, all of whom reside and are employed in Rhode Island. Ms. Adam's deposition is

---

[1] Plaintiff has served a corporate address for Defendant in Davidson, North Carolina which Plaintiff appears to believe is located in the Middle District. It is not. Therefore, the notice and subpoena issued from the Middle District are facially invalid.

2

Case 1:05-cv-00321-LHT    Document 72    Filed 09/13/06    Page 2 of 6

not scheduled, but the depositions of Hurley and Lynch are currently set for September 28 and 29. The 30(b)(6) depositions could perhaps be scheduled at the same time as the Hurley, Lynch, and Adam depositions so that Plaintiff's counsel is not required to make multiple trips to Rhode Island.[2]

In the case at bar, Plaintiff can show no compelling reason to depart from the general rule that the deposition of a corporation through its officers or agents should be taken at its principal place of business. Defendants respectfully request the Court quash the deposition as noticed for Charlotte, North Carolina and order that the deposition, if it be allowed at all, be conducted at Defendants' principal place of business in Rhode Island. See McDougal-Wilson v. Goodyear Tire & Rubber Co., 232 F.R.D. 246 (E.D.N.C. 2005) (holding that despite plaintiff's attempt to notice the corporate defendant's 30(b)(6) deposition in the district where the litigation was pending, the 30(b)(6) deposition should be taken in the district where the defendant's principal place of business was located).

### B. Subpoenas Duces Tecum are Invalid

Plaintiff's subpoenas *duces tecum* issued to CVS call for the production of documents 14 days after the subpoenas were mailed. Importantly the date of compliance, September 15, 2006, is the close of discovery according to the Court's Scheduling Order. The subpoenas fail because (1) they do not comply with the time requirements of Rule 34, FED.R.CIV.P., and (2) they do not comply with the Court's Scheduling Order.

---

[2] In Joiner's most recent filing with this Court, and notwithstanding this Court's Pretrial Order and Case Management Plan which limits the parties to the depositions of ten (10) fact witnesses each, Plaintiff indicated that she intends to depose (at least) the eleven (11) individuals identified in CVS's Responses to Rule 26(a) Disclosures, Part A. (See Plaintiff's Reply Memorandum to Revco's Opposition Memorandum to Her Motion for Partial Reconsideration [Docket No. 70] at 2).

Rule 34, which governs the request for production of documents, provides that a party shall have 30 days in which to respond to the request. Plaintiff attempts to evade this 30-day period through a subpoena instead of the normal document request. While Plaintiff may serve a subpoena on Defendant, she may not ignore and evade the time requirements set forth in Rule 34. <u>Mortgage Information Services, Inc. v. Kitchens</u>, 210 F.R.D. 562, 567 (W.D. N.C. 2002) ("a party may not use Rule 45 to circumvent a requirement of Rule 34 . . ."). Therefore, instead of the 14 days given by Plaintiff's subpoenas, Defendant is entitled to a minimum of 30 days in which to respond to the document request.

There is no doubt that Plaintiff realizes that she did not give Defendant the required 30 days. Plaintiff could not give the required 30 days because the time for discovery in this case, pursuant to the Court's Scheduling Order, closes on September 15. Plaintiff's problem, however, is that by the time she served her subpoena on September 1, she was already too late to comply with the Court's Scheduling Order. The Order specifically states the following:

> Counsel are directed to initiate discovery requests and notices for subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown.

Therefore, as Plaintiff did not initiate her discovery request in time to comply with the Court's Scheduling Order, the Court should quash these subpoenas.

### III. SUBPOENAS TO CVS CUSTODIAN OF RECORDS ARE IMPROPER

Plaintiff has issued duplicate subpoenas *duces tecum* to the CVS custodian of records. (<u>See</u> Exhibit A, Part III to Affidavit in Opposition to CVS's Motion to Quash or Modify and Motion for Protective Order Regarding Subpoenas *Duces Tecum* To CVS Employees [Docket

4

No. 68])These subpoenas were issued at the same time as the subpoenas to CVS as part of the 30(b)(6) deposition. For the same reasons, noted above, that 30(b)(6) deposition subpoenas and notices fail, these subpoenas fail and the arguments above are incorporated by reference.

## IV. DEFENDANT REQUESTS A PROTECTIVE ORDER REGARDING THE DEPOSITION OF ROBERT CREED

Defendant requests a protective order regarding the deposition of Robert Creed, an employee of Defendant, on the grounds that Mr. Creed is currently on FMLA leave recovering from surgery, being given fluids intravenously, and is not available for deposition on September 15, 2006.[3] (See Attached Exhibit A). Counsel for the parties have had discussions concerning the deposition of Creed and Plaintiff's counsel has indicated a willingness to schedule this deposition at a later time. Nonetheless, Plaintiff has issued a notice and subpoena which purport to compel Creed's attendance on September 15. Defendant requests a protective order stating that Creed shall not be required to attend the deposition until such time as he is physically able and released by his doctor.

## V. CONCLUSION

For the above stated reasons, Defendant requests that the Court quash the subpoenas discussed above and issue protective orders regarding the depositions.

---

[3] Notably, plaintiff has noticed and subpoenaed both the 30(b)(6) deposition of CVS, the production of documents by a CVS "Records Custodian," and Mr. Creed's deposition for 10:00 a.m. on September 15, 2006, in Charlotte, North Carolina. Plaintiff's counsel has been repeatedly told that none of the lawyers admitted on behalf of CVS in this case are available on September 15. Such abuse of the subpoena power of this Court makes clear that this discovery is designed to harass CVS.

Respectfully submitted this 13th day of September, 2006.

               s/Peter B. Murphy
               H. Bernard Tisdale III
               North Carolina Bar No. 23980
               Fred W. Suggs, Jr. (admitted *pro hac vice*)
               South Carolina Bar No. 5423
               Peter B. Murphy (admitted *pro hac vice*)
               Georgia Bar No. 531032

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile: (864) 235-4754
E-mail: Peter.Murphy@odnss.com

## Certificate of Service

I certify that on the above date a copy of the foregoing was served on each party or counsel of record by ECF or mail in the manner prescribed by the applicable Rules of Civil Procedure.

               s/Peter B. Murphy
               Peter B. Murphy