# FACSIMILE COVER SHEET

*Law Offices of Glen C. Shults*
*14 South Pack Square, Suite 360*
*Asheville, North Carolina 28801*
*Telephone: (828) 251-9676*
*Facsimile: (828) 251-0648*
*E-Mail: shultslaw@bellsouth.net*

If there is a problem with transmission or if all pages are not received, please call (828) 251-9676 for retransmission.

**TO:** Fred W. Suggs, Esq.						FAX # (864) 235-4754

**COMPANY:** Ogletree Deakins

**FROM:** Glen C. Shults

**DATE:** September 5, 2006

**RE:** Joiner v. ChoicePoint/Revco

Number of pages including this cover page: 7

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. Thank you.

Comments: See attached.

Law Offices of
# Glen C. Shults

14 South Pack Square, Suite 360
(28801)
Post Office Box 1384
Asheville, North Carolina 28802

September 5, 2006

**<u>VIA FACSIMILE (864/235-4754) AND U.S. MAIL</u>**

Fred W. Suggs, Jr., Esq.
Ogletree, Deakins, Nash,
　Smoak & Stewart
The Ogletree Building
300 North Main Street, 5th Floor
P.O. Box 2757
Greenville, SC  29602

　　　　Re:　　Katrina Joiner v. ChoicePoint Services, Inc., et al.
　　　　　　　United States District Court – Western District of North Carolina
　　　　　　　<u>Case No. 1:05-CV-321</u>

Dear Mr. Suggs:

　　　　I am writing pursuant to my correspondence to you dated September 2, 2006, regarding Robert Creed. I have enclosed a deposition notice and subpoena for Mr. Creed's deposition on September 15, 2006. I realize that you are out of the office this week, and I am copying Bernard Tisdale with a copy of this deposition notice and subpoena. I have set the deposition for September 15, 2006, in Charlotte, North Carolina. I am willing to reschedule the deposition to a more convenient time, including later in September 2006, after the discovery deadline, if you are willing to do so. I will forward a check for the witness fee and mileage later this week.

　　　　I appreciate your attention to this matter.

　　　　　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　　　　　*[signature]*

　　　　　　　　　　　　　　　　　　　　　　　　Glen C. Shults

cc: H. Bernard Tisdale, Esq. (W/Encls. - Via Facsimile and U.S. Mail)
　　Pamela Q. Devata, Esq. (W/Encls. - Via Facsimile and U.S. Mail)

Admitted in North Carolina,　　　　　　　　　　　　　　　　　　　　　　Telephone:  (828) 251-9676
Tennessee and California　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (828) 251-0648

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | |
|---|---|
| KATRINA JOINER,<br><br>    Plaintiff,<br><br>vs.<br><br>CHOICEPOINT SERVICES, INC. and REVCO DISCOUNT DRUG CENTERS, INC., D/B/A CVS,<br><br>    Defendants. | ) Civil Action No. 1:05cv321<br>)<br>)<br>)<br>)<br>) PLAINTIFF KATRINA JOINER'S<br>) NOTICE OF DEPOSITION TO<br>) ROBERT CREED<br>)<br>)<br>)<br>)<br>)<br>) (Rule 30, Fed. R. Civ. Pro.) |

TO DEFENDANTS AND DEFENDANTS' COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Katrina Joiner will take the deposition of Robert Creed, whose address is known to Defendant Revco Discount Drug Centers, Inc.'s counsel, commencing at 10:00 a.m. on September 15, 2006, at the Office Suites Plus, 6047 Tyvola Glen Circle, Charlotte, North Carolina 28217.

The deposition will be taken before a notary public authorized by law to administer oaths, and a stenographic record of the deposition will be made. The deposition will be conducted in accordance with Rule 30, Fed. R. Civ. Pro., and will be used for all purposes allowed by law.

1

Dated: September 5, 2006

                            LAW OFFICES OF GLEN C. SHULTS

                         By: *Glen C. Shults*
                                GLEN C. SHULTS

Attorney for Plaintiff
KATRINA JOINER

14 South Pack Square, Suite 360
P.O. Box 1384
Asheville, North Carolina 28802-1384
Telephone: (828) 251-9676
Facsimile: (828) 251-0648
E-Mail: shultslaw@bellsouth.net
North Carolina State Bar No. 25641

## CERTIFICATE OF SERVICE

This is to certify that on September 5, 2006, I served upon Defendants in the above-referenced case the foregoing Plaintiff Katrina Joiner's Notice of Deposition To Robert Creed by facsimile transmission by depositing a true and correct copies of the same in the United States Mail, postage prepaid, addressed to the following:

Fred W. Suggs, Jr., Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
300 North Main Street
P.O. Box 2757
Greenville, SC 29602
(Counsel for Defendant Revco)

Pamela Q. Devata, Esq.
Seyfarth Shaw, LLP
55 East Monroe Street, Suite 4200
Chicago, IL 60603
(Counsel for Defendant ChoicePoint)

This 5th day of September 2006.

_____
GLEN C. SHULTS

3

O AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

<u>Middle</u>  DISTRICT OF  <u>North Carolina</u>

Katrina Joiner

**SUBPOENA IN A CIVIL CASE**

V.

ChoicePoint Services, Inc., et al

Case Number:[1] 1:05cv321

TO: Robert Creed, CVS -- HR Business Partner
127 South Main Street, Suite 200
Davidson, NC  28036

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office Suites Plus, 6047 Tyvola Glen Circle, Charlotte, NC  28217 | 9/15/06 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Glen C. Shults, Atty for Plaintiff Joiner* | 9/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Glen C. Shults, Law Offices of Glen C. Shults
14 South Pack Square, Suite 360  Asheville, NC    (828) 251-9676

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
              DATE                            SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.