IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV321

| | |
|---|---|
| KATRINA JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHOICEPOINT SERVICES, INC., ) | |
| and REVCO DISCOUNT DRUG ) | |
| CENTERS, INC., d/b/a CVS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on a number of motions concerning discovery by both Plaintiff Katrina Joiner and Defendant Revco Discount Drug Centers, Inc., doing business as CVS ("Revco/CVS"). Specifically, the Court today addresses Plaintiff's Motion for Reconsideration of this Court's June 27, 2006 order denying Plaintiff's motion to compel responses to Plaintiff's interrogatories and document production requests, Plaintiff's motion to compel responses to Plaintiff's interrogatories nos. 2 & 7, and document production requests nos. 3, 9, 10, 11, & 21, as well as Defendant Revco's emergency motion to quash

1

subpoenas issued to Defendant's employees. The Court notes that on September 11, 2006, Plaintiff provided the Court with notice of a tentative settlement agreement with Defendant ChoicePoint Services. Thus, Defendant ChoicePoint Services is not a party to the present hearing.

## BACKGROUND AND PROCEDURAL HISTORY

This case originally concerned plaintiff Katrina Joiner's claims against both ChoicePoint Services and Revco/CVS arising from Plaintiff's termination from employment with Revco/CVS, which occurred on October 29, 2004. Plaintiff worked for Revco/CVS for approximately six (6) years before termination. During her employment, Plaintiff would typically pick up her parents' drug prescriptions at the end of her shift. On September 22, 2004, at the end of her shift, Plaintiff approached the front counter of Revco/CVS to purchase her father's prescription drugs in addition to some personal items. The cashier rang up Plaintiff's items, but failed to charge Plaintiff for the $5.00 co-pay due on her father's prescription drugs. Whether this was a mistake by the cashier or an intended theft by Plaintiff is a disputed issue.

About two weeks later, Plaintiff's employer told her that her father's prescription drugs were not in the store's inventory, and they had not been

paid for. On October 28, 2004, Plaintiff met with her employer and was shown a video tape of Plaintiff buying items on the day in question. Plaintiff also voluntarily signed a statement acknowledging that she left the store without paying for the prescription drugs. The next day, Plaintiff was terminated from employment with Revco/CVS.

Revco/CVS then filed a report with ChoicePoint Services, a consumer reporting agency which provides information about potential employees to employers. In the report, Revco/CVS stated Plaintiff was terminated from employment for "theft of drugs" and that there was a "verified admission statement" on file regarding this event. Plaintiff first learned of the report's content on December 8, 2004, and subsequently disputed the report's accuracy with both Revco/CVS and ChoicePoint. Meanwhile, Plaintiff claims she has been denied a number of potential employment opportunities due to the information contained in the ChoicePoint database. On June 7, 2005, Plaintiff received a letter from ChoicePoint indicating her record no longer contained the "theft of drugs" report.

Plaintiff filed the current action against ChoicePoint Services and Revco/CVS on October 27, 2005. Plaintiff's complaint states Revco/CVS

is guilty of libel and/or slander, tortious interference with prospective economic advantage, blacklisting, and unfair and deceptive trade practices due to its termination of Plaintiff and subsequent reporting of reason for termination (theft) to ChoicePoint.

This case is currently in the discovery phase, with discovery, except as otherwise agreed between the parties, closing as of this date. Trial is set for January 8, 2007. The remaining parties, Plaintiff and Defendant Revco/CVS, have filed numerous motions related to discovery disputes. A hearing was held on September 14, 2006, to discuss: 1) Plaintiff's Motion for Reconsideration of this Court's June 27, 2006 order denying Plaintiff's motion to compel responses to Plaintiff's interrogatories and document production requests, 2) Plaintiff's motion to compel responses to Plaintiff's interrogatories nos. 2 & 7, and document production requests nos. 3, 9, 10, 11, & 21, as well as 3) Defendant Revco/CVS's emergency motion to quash subpoenas issued to Defendant's employees. The parties have briefed their respective positions and have had the opportunity to be heard before the Court. Therefore, these motions are ripe for ruling.

**PLAINTIFF'S MOTION TO RECONSIDER, MOTION TO COMPEL RESPONSES TO INTERROGATORIES NOS. 2 & 7, AND DOCUMENT**

## PRODUCTION REQUESTS 3, 9, 10, 11, & 21

Plaintiff's original motion to compel, filed June 11, 2006, was denied on June 27, 2006 because Plaintiff's counsel failed to attempt resolving the issue with defense counsel in accordance with Local Rule 7.1(A) ("Any motions other than for dismissal, summary judgment, or default judgment should show that counsel have met and attempted in good faith to resolve areas of disagreement and should set forth which issues remain unresolved."). Plaintiff has now complied with the local rule concerning the pending motions.

On a motion for reconsideration, this Court's denial of Plaintiff's first motion to compel should be reviewed under an abuse of discretion standard. *Erdmann v. Preferred Research, Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) ("The scope and conduct of discovery, however, are within the sound discretion of the district court."). Plaintiff, in filing the motion to reconsider, carries the burden to prove an abuse of discretion. *Id.* Plaintiff has failed to assert any grounds as to why or how this Court abused its discretion in its prior order. Therefore, Plaintiff's motion for reconsideration is DENIED.

Plaintiff's renewed motions to compel as to the interrogatories should

5

also be denied. Regarding interrogatory no. 2, in which Plaintiff seeks the contact information of Defendant's employees for purposes of serving subpoenas, Plaintiff informed the Court at oral argument that she has already served subpoenas on the individuals whose contact information she is requesting. Further, Defendant has repeatedly offered to allow service of subpoenas to occur through defense counsel, yet Plaintiff has refused this offer. As the information requested in the interrogatory is already possessed by Plaintiff, this motion is now moot and is hereby DENIED.

Regarding interrogatory no. 7, which requests a list of all Revco/CVS employees who worked with Plaintiff from the date January 1, 1997 through October 29, 2004, the motion should also be denied. In response to this interrogatory, Defendant provided Plaintiff with a list of names and the most recent contact information of forty (40) employees who worked with Plaintiff over the final two years of her employment with Defendant. At oral argument, Plaintiff conceded that this list was sufficient for purposes of interrogatory no. 7. Thus, this issue no longer seems to be in dispute.

Further, Federal Rule of Civil Procedure 26(b)(2)(iii) allows the Court to limit requested discovery if "the burden or expense of the proposed

discovery outweighs its likely benefit, taking into account the needs of the case, . . . and the importance of the proposed discovery in resolving the issues." Considering Plaintiff's claims against Defendant, the request of a list of all employees Plaintiff worked with over the span of nearly eight years hardly seems "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Accordingly, because this issue is no longer disputed by the parties, and because compelling further disclosure by Defendant as to this matter seems unnecessarily burdensome, Plaintiff's motion to compel response to interrogatory no. 7 is DENIED.

Next, the Court considers Plaintiff's motion to compel responses to document production requests nos. 3, 9, 10, 11, & 21. Specifically, document requests nos. 3 & 11 seek personnel files of Defendant's employees. Document requests nos. 9 & 10 seek information on purchases made by Plaintiff individually and on behalf of her parents from Revco/CVS. Document request no. 21 seeks "documents relating to labor costs and Revco's policies and procedures relating to controlling labor costs at the CVS stores at which Joiner worked." Def. Memorandum Opposing Plaintiff's Partial Motion for Reconsideration, at 7.

7

At oral argument, Plaintiff conceded Defendant has produced documents in response to each of these document requests, with the exception of document request no. 21, which Defendant maintains is a request of a document that does not exist. However, Plaintiff continues to pursue a motion to compel as to these documents because she is not satisfied with what Defendant produced and because she feels Defendant is withholding documents. Plaintiff offers no evidence of why she has reason to doubt Defendant's compliance with the document requests. At argument, Defendant stated it has disclosed over 1,170 documents in response to Plaintiff's requests and that, in essence, Plaintiff has all the information Defendant has with regards to this litigation. Defendant has repeatedly assured Plaintiff that if it finds additional documents relating to these requests, it will disclose its findings to Plaintiff. If Defendant is truly misrepresenting or failing to disclose evidence, upon the showing of such an instance the Court may be required to take action under Rule 37 of the Federal Rules of Civil Procedure. Until such a showing is made, however, Plaintiff cannot compel Defendant to answer in a way that is more satisfactory to her simply on a hunch. Plaintiff's motion to compel as to document production requests is hereby DENIED.

# **DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENAS** ***DUCES TECUM*** **SERVED UPON DEFENDANT'S INDIVIDUAL EMPLOYEES**

Defendant requests this Court quash or modify the subpoenas *duces tecum* recently served by Plaintiff on a number of Defendant's current employees. Specifically, Defendant asks this Court to quash only the portions of these subpoenas which ask the individuals to produce documents belonging to Defendant. Plaintiff, serving the individuals with subpoenas *duces tecum* under Federal Rule of Civil Procedure 45, intends to depose individual employees of Defendant ranging from regional managers to store clerks. When attending these depositions, Plaintiff has requested the individuals bring a number of documents including, among others, personnel files, policy manuals, notes taken during the investigation of Plaintiff's alleged theft, and correspondence between Defendant and ChoicePoint Services. At the time of oral argument, Plaintiff has already commenced taking depositions of these individuals, and the individuals have not produced the documents requested in Plaintiff's subpoena.s

To be clear, the Court notes that a party generally has no standing to file a motion to quash a subpoena issued to a third-party based upon Rule

9

45(c). *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. . . . Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum."). However, it is clear to the undersigned that Plaintiff intends to depose these individuals in their capacity as individuals and as representatives of Defendant. Therefore, Defendant has standing to challenge these subpoenas served upon its intended representatives.

To quash a subpoena issued under Rule 45, the moving party must demonstrate, generally speaking, that the subpoena does not allow a reasonable time for compliance, requires a person who is not a party to travel more than 100 miles, requires disclosure of privileged or protected information, or the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). Thus, a party seeking to quash a subpoena bears a heavy burden to show "compliance with the subpoena would be 'unreasonable and oppressive.'" *Composition Roofers Union Local 30 v. Graveley Roofing Enter., Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995) (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1023 (Fed. Cir.

10

1986)).

Further, Rule 30(b)(6) allows a party to depose a corporation. When a subpoena is served upon a corporation, *"the organization so named shall designate* one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . . ."  Fed. R. Civ. P. 30(b)(6) (emphasis added).

In the present case, Plaintiff has served subpoenas on employees of Defendant requesting information about the incident leading to Plaintiff's termination of employment in the form of 1) the employees' personal knowledge and documentation, and 2) documentation exclusively possessed by Defendant.  In this way, Plaintiff has served a subpoena which is a hybrid of Rules 30(b)(6) and Rule 45.  Therefore, to the extent the subpoenas request the employees to produce documents possessed by Defendant corporation, this Court finds Plaintiff is attempting to not only serve Defendant corporation, but also name the representative of Defendant corporation.  This is clearly against the explicit language of Rule 30(b)(6).  It is the sole right of the corporation to designate a representative for a deposition, not the party issuing the subpoena.

Plaintiff's argument that her service of the subpoenas upon

11

managing agents of Defendant corporation requires the employees to provide Defendant's documents is similarly unreasonable. A corporation can be served via its managing agents pursuant to Federal Rule of Civil Procedure 4(h)(1) and, as stated above, the corporation may name one of its managing agents to represent the corporation at a deposition under Rule 30(b)(6). However, service upon a managing agent of a corporation does not automatically compel that agent to represent the corporation and/or produce the corporation's documents; nor can Plaintiff choose a representative for Defendant merely because the employee allegedly has access to certain documents Plaintiff desires to inspect. Only Defendant can designate its representative, and these portions of Plaintiff's subpoenas are invalid under Rule 30(b)(6).

Further, the Court notes Plaintiff's subpoenas *duces tecum* requesting documents possessed exclusively by Defendant is merely an attempt to circumvent the established process for requesting documentation from a party opponent under Rule 34 of the Federal Rules of Civil Procedure. Plaintiff correctly states that this district has held a subpoena *duces tecum* can be served upon both a party and non-party under Rule 45. *Mortgage Info. Services, Inc. v. Kitchens, et al.*, 210 F.R.D.

562, 564-66 (W.D.N.C. 2002). However, the court in *Kitchens* also stated, "traditional canons of interpretation regarding the interaction between the various Federal Rules of Civil Procedure . . . require that the rules be construed in a manner that is internally consistent[,]" and thus, use of a subpoena *duces tecum* under Rule 45 to bypass the requirements of Rule 34's guidelines on document disclosure is "'unthinkable.'" *Id.* at 566-67 (citing *McLean v. Prudential Steamship Co., et al.*, 36 F.R.D. 421, 425 (E.D. Va. 1965)).

     A number of the documents requested in Plaintiff's subpoenas *duces tecum* at issue encompass documents Plaintiff originally asked for in its document production request of Defendant pursuant to Rule 34. Defendant previously objected to the production of a number of these documents. Thus, the proper method for Plaintiff to obtain these documents would be a motion to compel, which Plaintiff filed on June 11, 2006, and which was denied on June 27, 2006. Plaintiff then asked this Court to reconsider its denial of her motion, which the Court addresses and denies today. Nevertheless, despite not having a ruling on her motion to reconsider, Plaintiff filed subpoenas *duces tecum* via Rule 45 requesting documents which were already subject to a denied motion to compel.

13

These actions are clear attempts to undermine not only the Federal Rules of Civil Procedure but also this Court's orders. Further, any documents listed in Plaintiff's subpoenas *duces tecum* which were not a part of the original document production request and are the exclusive property of Defendant must be sought in accordance with Rule 34.

In summary, Plaintiff's subpoenas *duces tecum*, inasmuch as the subpoenas attempt to recover documentation from employees which belongs to Defendant corporation/employer, are an impermissible attempt to circumvent the language of Rule 30(b)(6) and the requirements of Rule 34. As Defendant stated during oral argument, were the Court to allow Plaintiff's subpoenas to stand in accordance with Rule 45, the procedure for the discovery of documentation in civil trials encompassed by Rule 34 would be erased, and party opponents would have their time allotted for response to document production cut from 30 days to 14 days. This Court does not wish to make such a dramatic change to the Federal Rules of Civil Procedure and instead believes, as the *Kitchens* court noted, that "traditional canons of interpretation regarding the interaction between the various Federal Rules of Civil Procedure . . . require that the rules be construed in a manner that is internally consistent." 210 F.R.D. at 566-67.

Therefore, observing the interaction between Rules 34 and 45, this Court believes Plaintiff's proper remedy to seek documentation belonging to Defendant is through a Rule 34 request. A subpoena *duces tecum* served on a party opponent under Rule 45 is valid, though party opponents retain their 30-day response time under Rule 34 to produce the documents requested in the subpoena. Accordingly, Defendant has satisfied its burden of proof under Rule 45, and Defendant's motion to quash portions of Plaintiff's subpoena *duces tecum* on employees which require the employees to provide documentation belonging exclusively to Defendant corporation is GRANTED. Plaintiff's subpoenas remain intact to the extent they request depositions of individual employees and the production of documentation which is the sole property of the individual.

    **IT IS, THEREFORE, ORDERED** that Plaintiff's motion to reconsider is hereby **DENIED**.

    **IT IS, THEREFORE, ORDERED** that Plaintiff's motion to compel as to interrogatories nos. 2 & 7, and document production requests nos. 3, 9, 10, 11, & 21 is hereby **DENIED**.

    **IT IS, THEREFORE, ORDERED** that Defendant's motion to quash portions of Plaintiff's subpoena *duces tecum* on individual employees

which require the individuals to provide documentation belonging to Defendant is **GRANTED**.

At the hearing on September 14, 2006, Plaintiff's counsel expressed some concern about problems that may arise in the taking of scheduled depositions in districts other than the Western District of North Carolina. Any such problems should be adequately addressed by compliance with the provisions of Federal Rules of Civil Procedure 30(c) and (d)(1), (3), and (4).

Signed: September 15, 2006

Lacy H. Thornburg
United States District Judge