# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV321

| | |
|---|---|
| KATRINA JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHOICEPOINT SERVICES, INC., ) | |
| and REVCO DISCOUNT DRUG ) | |
| CENTERS, INC., d/b/a CVS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to file a Second Amended Complaint for Injunctive Relief and Damages, and Plaintiff's Motion to be Relieved from the Meet-And-Confer Obligations of Local Rule 7.1 with respect to her motion to amend.[1]

---

[1] As noted in a previous order, Defendant ChoicePoint Services has reached a settlement agreement with Plaintiff. Therefore, all references to "Defendant" in this Order are limited to Defendant Revco/CVS.

## I. PLAINTIFF'S SECOND MOTION TO AMEND

As the details of this case have been summarized in previous orders by this Court, only the dates and events relevant to the present motions will be recited. On October 27, 2005, Plaintiff filed her original complaint against Defendant in this Court. On January 24, 2006, Plaintiff filed an amended complaint against Defendant. On August 31, 2006, seven months after filing her amended complaint and a mere two weeks before the scheduled end of discovery, Plaintiff filed a second motion to amend her complaint to add a number of North Carolina common law claims against Defendant.

The Federal Rules of Civil Procedure state "leave [to amend a complaint] shall be freely given when justice so requires." **Fed. R. Civ. P. 15(a).** The United States Supreme Court addressed this rule in holding "this mandate is to be heeded[,]" and further explained,

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test [her] claim on the merits. In the absence of any apparent or declared reason – *such as undue delay*, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment*, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

***Forman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).**

The Fourth Circuit has stated, "[a] motion to amend under Rule 15(a) may be denied where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." ***Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987).** In evaluating whether a party is prejudiced by a late-filed motion to amend, "the court should evaluate the position of both parties. This evaluation 'entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.'" ***Forstmann v. Culp*, 114 F.R.D. 83, 87 (M.D.N.C. 1987) (citations omitted).**

Plaintiff does not base this proposed amendment upon new facts discovered during discovery. Instead, Plaintiff states "[t]hese claims derive from the same facts alleged in her first amended complaint." **Plaintiff's Memorandum in Support of Second Motion to Amend, filed August 31, 2006, at 1.** However, despite these claims arising from the same facts, Plaintiff waited until two weeks before the end of discovery to file this motion to amend. Plaintiff provides no explanation of why these claims

were not included in her original complaint, why she waited until two weeks before the close of discovery to add new claims against Defendant, nor how this amendment will not prejudice Defendant.  Were the Court to allow this amendment, Defendant would have two weeks to investigate four brand new claims asserted against it before discovery closed.

Plaintiff's only attempt to address the concerns of undue delay and prejudice to Defendant occurs in one sentence of Plaintiff's memorandum of support: "The claims asserted in the proposed second amended complaint are made in good faith, and do not prejudice Revco." *Id.* **at 4.** Such unexplained delay is clearly undue and prejudices Defendant.  Denial of this motion would still leave Plaintiff with her original case against Defendant; and any hardship suffered by Plaintiff, is the result of a lack of full analysis at the beginning of this litigation.  Accordingly, the Court finds Plaintiff's second motion to amend her complaint is unduly delayed and unduly prejudices Defendant and will be denied.

## II.  PLAINTIFF'S MOTION TO BE RELIEVED FROM LOCAL RULE 7.1

On September 11, 2006, twelve days after filing her second motion to amend, Plaintiff's counsel filed a motion to be relieved from the "meet and

confer" requirement of Local Rule 7.1(A) which requires counsel to meet and make an effort to resolve disputes prior to filing a motion with the Court. Plaintiff states "she inadvertently failed to engage in that process with Revco's counsel prior to filing her motion [to amend]" due to "her attention to other motions and disputes in this litigation[.]" **Plaintiff's Motion to be Relieved from Local Rule 7.1, filed September 11, 2006, at 1.** Further, Plaintiff contends that "Defendant Revco very likely would not have consented to the filing of the proposed second amended complaint, so that the motion would have been filed in any event." *Id.* **at 2.**

This Court finds the excuses and assumptions made by Plaintiff's counsel to be unpersuasive. The time demands of one case and belief that opposing counsel will not agree to the proposed motion do not justify a failure to adhere to the Local Rules. Like the federal Rules, this District's Local Rules are to be followed; they are not mere suggestions. Not only has Plaintiff's counsel not demonstrated the slightest bit of good faith in his failure to comply with Local Rule 7.1(A), he has a history of ignoring this Local Rule. **See Order, filed June 27, 2006 (denying Plaintiff's motion to compel Defendant's response to interrogatories and document production requests based on failure of Plaintiff's counsel to comply**

**with Rule 7.1's "meet and confer" requirement).** This will be counsel's second and last warning to comply with Local Rule 7.1(A). Future violations of this Rule or any others by counsel, intentional or unintentional, may result in this Court's imposition of sanctions.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to file a Second Amended Complaint for Injunctive Relief and Damages is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to be Relieved from the Meet-And-Confer Obligations of Local Rule 7.1 with respect to her Motion to file a Second Amended Complaint is hereby **DENIED**.

Signed: September 22, 2006

Lacy H. Thornburg
United States District Judge